UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------- x
TROY JAYNES,                                                         :
                                                                    :
                                    Plaintiff,                       :
                                                                    :
             -against-                                               :        3:26-CV-436 (VDO)
                                                                    :
ROBERT SWEENEY, *et al*.,                                            :
                                                                    :
                                    Defendants.                      :
-------------------------------------------------------------------- x

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Troy Jaynes, a plaintiff incarcerated in the Department of Correction, has filed a *pro se* civil rights complaint against three attorneys.[1] Before the Court now is Plaintiff's motion to proceed *in forma pauperis*[2] and a motion to appoint counsel.[3] Upon review of Plaintiff's complaint and motions, the Court concludes that Plaintiff's motion to proceed *in forma pauperis* and motion to appoint counsel must be denied.

The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the PLRA amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] ECF No. 1 at 1.
[2] ECF No. 2.
[3] ECF No. 4.

Thus, § 1915 now contains a "three-strikes" rule that bars plaintiffs from proceeding *in forma pauperis* if they have a history of filing frivolous or malicious lawsuits. *See Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

There is an exception to this rule, however, for plaintiffs who allege imminent danger of serious physical harm. *See id.* For a plaintiff to qualify for the "imminent danger" exception and proceed without prepayment of the filing fee, two requirements must be met. The plaintiff must show that: (1) such imminent danger of serious physical injury is fairly traceable to unlawful conduct alleged in the complaint, and (2) a favorable judicial outcome would redress the injury. *See id.* at 298–99. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.

The first question is whether the three-strikes rule applies to Plaintiff. Upon review of previous cases he has initiated, all in the District of Connecticut, the Court finds that at least three were dismissed on grounds cited in 28 U.S.C. § 1915(g). *See Jaynes v. New Haven Police Dept*, No. 07-CV-547 (RNC) (dismissed May 29, 2007); *Jaynes v. Superior Court*, No. 07-CV-1051 (AVC) (dismissed July 18, 2007); *Jaynes v. Quiros*, No. 21-CV-657 (VLB) (dismissed October 7, 2021); and *Jaynes v. Sweeney*, No. 21-CV-1464 (VAB) (dismissed July 1, 2022). Thus, the three-strikes rule applies to Plaintiff.

The second question is whether Plaintiff's complaint suggests an imminent danger of harm. The complaint appears to allege claims of ineffective assistance of counsel against attorneys in connection with their representation of Plaintiff in a case dating back to 1990.[4]

---

[4] *See* ECF No. 1 at 3–16.

Setting aside whether such a claim would be timely or cognizable in a section 1983 suit, the complaint does not allege any facts to suggest that Plaintiff was in any danger, let alone imminent danger of serious physical harm, at the time he filed this action. *See Akassy v. Hardy*, No. 17-CV-4120, 2017 WL 6387729, at *2 (S.D.N.Y. June 16, 2017) (concluding that plaintiff was not "in imminent danger of serious physical injury" where he brought his lawsuits "against his court-appointed trial attorneys in an underlying state-court criminal proceeding, asserting state-law claims").

Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is therefore **DENIED**. Because this motion is denied, Plaintiff's motion for appointment of counsel, ECF No. 4, is **DENIED** without prejudice as premature.

If Plaintiff seeks to proceed with this case, he must submit the filing fee within **30 days**. Accordingly, all further proceedings in the matter shall be held in abeyance until **June 4, 2026**, pending Plaintiff's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Failure to tender the filing fee by this date will result in dismissal of this action.

Hartford, Connecticut
May 4, 2026

    /s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge